UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: S-Tek 1, LLC,   No. 20-12241-j11

Debtor.

## MEMORANDUM OPINION AND ORDER ON VALUATION DATE

This matter came before the Court at a status conference held November 10, 2021. The parties and the Court discussed, among other things, the motion to value Surv-Tek, Inc.'s collateral ("Motion to Value"–Doc. 259). The Motion to Value asks the Court to value Surv-Tek, Inc.'s collateral as of the petition date. The Scheduling Order resulting from the status conference (Doc. 265) provided that the Court would issue a tentative ruling on the appropriate valuation date and fixed a deadline to file an objection to the tentative ruling. The Court issued its tentative ruling on November 22, 2021 (Doc. 271). The time to object has expired. Surv-Tek, Inc. ("Surv-Tek") did not file an objection. S-Tek 1, LLC ("S-Tek") did not file an objection but did file a statement regarding the tentative ruling asking that the Court clarify that the ruling does not affect its petition date defense to Surv-Tek's lien claims. S-Tek also asked the Court to fix a deadline for S-Tek's expert to update his report on asset values in light of the ruling (Doc. 283).[1]

For the following reasons, the Court has determined that that for plan confirmation purposes, collateral that S-Tek will retain for its post-confirmation business operations should be valued as of or near the date of the confirmation hearing.

---

[1] By separate order, and with the consent of the Debtor and Surv-Tek, the Court will extend the deadlines for submission of expert reports and completion of discovery and vacate and reschedule the final hearing on the Motion to Value.

*Procedural Background*

S-Tek's chapter 11 case is pending under subchapter V. Surv-Tek filed a proof of claim in which it asserts a claim secured by various business assets, including accounts receivable, equipment, general intangibles, and other commercial assets (the "Collateral"). S-Tek filed a subchapter V plan and a plan modification (Doc. 96 and Doc. 257–the plan, as modified, hereafter is called the "Plan") separately classifying Surv-Tek's secured claim. The Plan proposes that S-Tek will retain the Collateral and use it in the operation of its post-confirmation business. Under the Plan, S-Tek proposes to pay Surv-Tek's claim, if and to the extent the claim is allowed as a secured claim, in deferred cash payments. The Motion to Value asks the Court to value the Collateral pursuant to 11 U.S.C. § 506(a)(1)[2] for purposes of confirmation of the Plan.

*Valuation Date for the Purpose of Plan Confirmation*

To confirm its subchapter V Plan, S-Tek must satisfy the fair and equitable requirement set forth in § 1129(b)(2)(A) with respect to Surv-Tek's secured claim if the claim is impaired under, and Surv-Tek does not accept, the Plan.. *See* § 1191(b) and (c). Section 1191(b) requires that if all applicable requirements of § 1129(a) are met other than paragraphs (8), (10) and (15) of that section,[3] the court shall confirm the plan notwithstanding those requirements if "the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." Section 1191(c) provides that for

---

[2] All future references to "Code," "Section," and "§" are to Title 11 of the United States Code, unless otherwise indicated.

[3] Subparagraph (8) requires that that each holder of a claim or interest in a class has accepted the plan or the class is not impaired under the plan. Subparagraph (10) requires that if a class of claims is impaired under the plan, at least on class of impaired claims must have accept the plan, determined without including acceptances by any insiders. Subparagraph (15) is inapplicable here because S-Tek is not an individual.

a plan to be fair and equitable with respect to a class of secured claims, the plan must meet the requirements of § 1129(b)(2)(A).

S-Tek's Plan provides that if Surv-Tek does not make the § 1111(b) election its claim is unimpaired under the Plan, and if Surv-Tek makes the § 1111(b) election it is not entitled to vote to accept or reject the plan. Plan § 7.01, Class 3; § 7.03. In addition, the Plan provides that it will be modified further if Surv-Tek makes the § 1111(b) election. Plan, § 7.03. Notwithstanding the terms of the Plan, as modified, Surv-Tek's claim is impaired under § 7.01 of the Plan if Surv-Tek does not make the § 1111(b) election.[4] Section 7.01 does not require S-Tek to comply with all of the contractual rights to which Surv-Tek is entitled under the original agreements between S-Tek and Surv-Tek[5] (other than reinstatement of the original maturity date and curing defaults with respect to an accelerated debt). *See* § 1124(1) and (2). Further, for the reasons stated in the Court's Memorandum Opinion entered December 9, 2021 (Doc.285), Surv-Tek will not automatically relinquish its right to vote its secured claim by making the § 1111(b) election.

More specifically, given the proposed treatment of Surv-Tek's secured claim under § 7.01 of the Plan, if Surv-Tek does not make the § 1111(b) election and votes to reject the Plan, S-Tek must meet the requirements of § 1129(b)(2)(A)(i)(II). That section provides:

> each holder of a claim of such class [must] receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a

---

[4] The Plan does not propose a treatment of Surv-Tek's claim if Surv-Tek makes the § 1111(b) election. Therefore, the Court cannot yet determine whether the proposed plan treatment, if the election is made, will impair the claim.

[5] Section § 1124(1) requires the Court to determine Surv-Tek's contractual rights to assess whether the plan impairs any of those rights. *See* § 1124(1) (a claim or interest is unimpaired if the plan "leaves unaltered the legal, equitable, and *contractual rights to which such claim or interest entitles the holder of such claim or interest*.") (emphasis added). In adversary proceeding No. 10-1074 pending before this Court, S-Tek claims that it has defenses to liability under various agreements between S-Tek and Surv-Tek and also asserts offsets based on claims S-Tek has asserted against Surv-Tek. The adversary proceeding will include adjudication of Surv-Tek's claim against the estate based on prepetition agreements between S-Tek and Surv-Tek.

value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property[.]

Section 1129(b)(2)(A)(i)(II) does not give any guidance regarding the applicable valuation date—whether collateral should be valued, for plan confirmation purposes, as of the petition date, the confirmation date, or at some other time. Section 1129(b)(2)(A)(i)(II) requires that the plan provide for payments totaling at least the allowed amount of the secured claim and the deferred cash payments must have a present value at least equal to the value of the creditor's interest in the collateral. For a debtor to achieve the required value of the deferred cash payments, typically the debtor pays the allowed secured claim with interest to account for the time-value of money.

The Code's guidance concerning the appropriate date to value collateral under § 506(a)(1), is set forth in the last sentence of § 506(a)(1) itself, which provides:

> Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

Breaking that sentence into its component parts, § 506(a)(1) instructs the Court to value a secured creditor's collateral,

(i) in light of the purpose of the valuation,
(ii) in light of the proposed disposition or use of the collateral, and
(iii) in conjunction with any hearing on such disposition or use or on a plan affecting the collateral.

The Fifth Circuit has explained the interplay between § 506(a)(1) and 1129(b)(2)(A)(i)(II):

> [I]t is § 506 that instructs the court on how to make the initial valuation, before the collateral's present value is calculated under § 1129. Accordingly, whatever the valuation date, the language of § 1129 is not superfluous, as § 1129 presumes the collateral has been assigned value. Section 1129 merely uses that value to set a floor for what sum the creditor must receive in deferred cash payments while the debtor retains possession of the collateral. It does not provide any guidance as to how the initial valuation should be made.

*Matter of Houston Reg'l Sports Network, L.P* , 886 F.3d 523, 528-29 (5th Cir. 2018).

The large majority of courts that have addressed the issue have held that under § 506(a)(1), for plan confirmation purposes, collateral the debtor will retain for its post-confirmation business operations should be valued as of or near the date of the confirmation hearing.[6] A few courts have determined that the petition date is the appropriate valuation date.[7] In *In re Flagler-At-First Assocs., Ltd.*, the Court reasoned,

> Section 502, which determines which claims are allowed after objection, provides that the Court "shall determine the amount of such claim ... as of the date of the filing of the petition." 11 U.S.C. § 502(b). Section 506 then, must be read in conjunction with Section 502(b). Thus, when Section 506 refers to "allowed claims" being "secured claims" it is intended to be consistent with Section 502(b). Stated more simply, an allowed secured claim is determined "as of the filing of the petition," just like any other claim.

101 B.R. 372, 376 (Bankr. S.D. Fla. 1989). But a per se ruling requiring valuation as of the petition date does not adequately take into account the last sentence of § 506(a)(1). *See In re Cahill*, 503 B.R. 535, 541 (Bankr. D.N.H. 2013). Justifying a per se petition date valuation for confirmation purposes, on the theory that claims are allowed as of the petition date under § 502(b), "conflates the amount of the claim and the value of the collateral securing the claim[.]" *Id*. The amount of the allowed claim determined under § 502(b) is fixed as of the petition date, whereas the value of the collateral securing the claim determined under § 506(a) can vary over

---

[6] *E.g., In re Ahlers*, 794 F.2d 388, 398 (8th Cir. 1986), *rev'd on other grounds*, 485 U.S. 197 (1988) ("[f]or purposes of the reorganization plan, the value of the collateral is to be determined at the time for confirmation of that plan"); *In re TIAT Corp.*, No. 16-10764, 2017 WL 161675, at *7 (Bankr. D. Kan. Jan. 13, 2017); *Deutsche Bank Nat'l Trust Co. v. Jackson*, No. 15-81506, 2016 WL 5390594, at *3-4 (S.D. Fla. Sept. 27, 2016); *In re Dunson*, 515 B.R. 387, 391 (Bankr. N.D. Ga. 2014); *In re Hales*, 493 B.R. 861, 866 (Bankr. D. Utah 2013); *In re Dheming*, No. 11-56798, 2013 WL 1195652, at *3 (Bankr. N.D. Cal. Mar. 22, 2013).

[7] *E.g., Five Star Roofing, Inc. v. Glover (In re Five Star Roofing, Inc.)*, No. 05-7052, 2006 WL 2130649, at *2 (Bankr. E.D. Okla. June 28, 2006); *In re Flagler–At–First Assocs., Ltd.*, 101 B.R. 372 (Bankr. S.D. Fla. 1989).

-5-

Case 20-12241-j11    Doc 286    Filed 12/09/21    Entered 12/09/21 15:15:33 Page 5 of 8

the life of the case depending on the purpose of the valuation and the proposed use or disposition of the collateral. *See id*. For example, although the amount of a claim is determined under § 502(b) as of the petition date, for purposes of applying the best interests of creditors test under § 1129(a)(7)(A)(ii), assets (including collateral) are valued as of the effective date of the plan to determine the amount holders of a claim or interest would receive or retain in a hypothetical chapter 7 liquidation.[8]

In *Houston Reg'l Sports*, the Fifth Circuit adopted a "flexible approach to valuation timing that allows the bankruptcy court to take into account the development of the proceedings, as the value of the collateral may vary dramatically based on its proposed use under any given plan." 886 F.3d at 532. At least one court has concluded that "the appropriate date for valuing collateral for purposes of fixing a secured creditor's claim is the confirmation date, or a date close to confirmation" but left open the possibility of using some other date in unusual circumstances. *In re Dheming*, No. 11-56798, 2013 WL 1195652, at *3 (Bankr. N.D. Cal. Mar. 22, 2013).

This Court finds the majority rule persuasive, that for plan confirmation purposes, collateral the debtor or other plan proponent will retain for its post-confirmation business operations should be valued as of or near the date of the confirmation hearing.[9] Valuing the collateral as of confirmation is consistent with the last sentence of § 506(a)(1) because it accounts for the purpose of the valuation. It also accommodates the practical prospect of holding the valuation hearing in conjunction with the confirmation hearing.[10] However, the Court does

---

[8] *In re Cahill*, 503 B.R. 535, 541 (Bankr. D.N.H. 2013).
[9] Although the Court has addressed valuation of collateral for purposes of § 1129(b)2)(A), the same valuation date applies to valuation of collateral for purposes of § 1129(a)(7)(B).
[10] For administrative convenience, and to mitigate litigation costs, parties may stipulate to a date as of which collateral is valued that is near the date of the motion to value collateral or the hearing on that

not rule out the possibility that a different date might be appropriate in unusual circumstances based on developments during the bankruptcy case. The Motion to Value does not allege that any such circumstances exist here.

The Court notes that adequate protection granted to a secured creditor as a result of a debtor's use of cash collateral can also affect valuation of collateral for purposes of determining the amount of the creditor's security interest as of plan confirmation. In this case, cash collateral orders entered in this case granted Surv-Tek a security interest in property of the same type in which Surv-Tek held a lien on the petition date that S-Tek acquires post-petition ("Post-Petition After-Acquired Collateral") to the extent the combined value of S-Tek's accounts receivable, cash on deposit, cash on hand and other cash equivalents is less than the combined value of those assets on the petition date. *E.g.*, Cash Collateral Orders–Docs. 110, 152, 233. That provision is designed to protect Surv-Tek from a post-petition decline in the value of certain collateral. To determine the extent and value of the Post-Petition After-Acquired Collateral, it may be necessary to value certain collateral both on the petition date and as of a date that is at or near the date of the confirmation hearing.

WHEREFORE, IT IS HEREBY ORDERED:

1. Unless the parties stipulate to a different date, the Collateral will be valued as of the confirmation hearing or a date close to the confirmation hearing for purposes of § 1129(a)(7)(B) and, if Surv-Tek rejects the Plan, for purposes of applying the cramdown requirements of § 1129(b)(2)(A).

2. The Motion to Value is deemed amended to request valuation of the Collateral as of the confirmation hearing or a date close to the confirmation hearing.

---

motion, even if as a result collateral is valued at a date that is not all that close to the date of the confirmation hearing.

-7-

Case 20-12241-j11    Doc 286    Filed 12/09/21    Entered 12/09/21 15:15:33 Page 7 of 8

3. By this order, the Court is not determining the validity, extent or priority of any liens or other interests in property claimed by Surv-Tek. Accordingly, this order does not affect any defenses S-Tek may have to such lien claims, as of the petition date or otherwise.

／s／ Robert H. Jacobvitz
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: December 9, 2021

COPY TO:

Nephi Hardman
Attorney for S-Tek
Nephi D. Hardman Attorney at Law, LLC
9400 Holly Ave NE Bldg 4
Albuquerque, NM 87122

Christopher M Gatton
Attorney for Surv-Tek
Giddens, Gatton & Jacobus, P.C.
10400 Academy Rd., #350
Albuquerque, NM 87111

Patrick Malloy, III
Patrick J. Malloy, III, Subchapter V Trustee
401 S. Boston Ave, Ste 500
Tulsa, OK 74103

Jaime A. Pena
Office of the U.S. Trustee
P.O. Box 608
Albuquerque, NM 87103-0608