UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:   S-Tek 1, LLC,                                                                                    No. 20-12241-j11

Debtor.

## MEMORANDUM OPINION AND
## ORDER DENYING MOTION TO STRIKE AMENDED CLAIM 7-2

STIF, LLC ("STIF") filed an amended Claim 7-2 ("amended Claim 7-2" or "Claim 7-2") after the claims bar date. The original claim No. 7-1 ("original Claim 7-1" or "Claim 7-1") listed Surv-Tek, Inc. ("Surv-Tek") as the creditor asserting the claim. Amended Claim 7-2 substitutes STIF for Surv-Tek, but in other respects is generally the same as the original Claim 7-2. S-Tek 1, LLC ("S-Tek" or "Debtor") requests the Court to strike amended Claim 7-2 as untimely, arguing that STIF should not be allowed to amend a claim filed by a different creditor.[1] STIF counters that an amendment to a proof of claim to correct the creditor's name is proper and relates back to the date of the original filing.[2] For the reasons explained below, the Court concludes that STIF's amended Claim 7-2 relates back to the time Claim 7-1 was filed and therefore is timely. The Court will deny the Motion to Strike.

### FACTS[3]

The following facts relevant to resolution of the Motion to Strike are not in dispute:

---

[1] *See* Motion to Strike Amended Claim 7-2 ("Motion to Strike"–Doc. 245).
[2] *See* Objection to Motion to Strike Amended Claim 7-2 - Doc. 281.
[3] The Court takes judicial notice of the documents filed of record in Debtor's bankruptcy case, the claims filed in the claims register associated with Debtor's bankruptcy case, and the documents filed in related Adversary Proceeding No. 20-1074-j. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its docket); *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir. 1999) (citing Fed.R.Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade*, 496 B.R. 520, 524 (Bankr. N.D. Ill. 2013) (taking judicial notice of its own docket and noting that "a bankruptcy court [is authorized] . . . to take judicial notice of its own docket.") (citations omitted).

1. Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on December 2, 2020. Doc. 1.

2. On December 10, 2020, Debtor removed an action pending in the Second Judicial District Court involving Surv-Tek, STIF, and others, to this Court, initiating Adversary Proceeding No. 20-1074-j. The removed action, prior to removal, hereafter is called the "State Court Action." The removed action, after removal, hereafter is called the "Removed Action."[4]

3. In the bankruptcy case, the Court entered an Order Fixing Time for Filing Proofs of Claim and Interests ("Bar Date Order"), which fixed a claims bar date of February 1, 2021 ("Claims Bar Date"). Doc. 36.

4. In accordance with the Bar Date Order, on December 16, 2020, Debtor served a notice of the deadline to file a proof of claim by mail on STIF. Doc. 38.

5. STIF and Surv-Tek have the same counsel of record.

6. On February 1, 2021, the same counsel of record for both Surv-Tek and STIF filed two proofs of claim both identifying Surv-Tek as the creditor and both signed by the same attorney on behalf of the claimant:

    a. Claim 6-1 in the amount of $1,766,941.83 based on "breach of contract for purchase of business." (hereafter, "Claim 6-1").[5]

    b. Claim 7-1 in the amount of 82,998.30 based on "Breach of lease agreement."

7. The following documents are attached both to Claim 6-1 and original Claim 7-1.

    a. Summary of Claim;
    b. Exhibit A–Closing Agreement between Surv-Tek and S-Tek;
    c. Exhibit B–Promissory Note signed by S-Tek;
    d. Exhibit C–Escrow Agreement;
    e. Exhibit D–Payoff Calculations Statement;
    f. Exhibit E–Security Agreement;

---

[4] All documents filed in the State Court Action are part of the record in the Removed Action.
[5] Surv-Tek amended Claim 6-1 on February 11, 2021 to change the value of the property securing the claim. *See* 6-2. That change is not relevant to the Court's analysis.

  g. Exhibit F–UCC-1 Financing Statement;
  h. Exhibit G–Order from state court Case No. D-202-CV-2019-05359 (the "State Court Action");
  i. Exhibit H–Order Resulting from Hearing to Show Cause;
  j. Exhibit I–Lease captioned "NNN Office Lease-9384 Valley View Drive" (the "Lease");
  k. Exhibit J–Calculation of Lease payments; and
  l. Exhibit K–Financing Statement.

8. Original Claim 7-1 claims an annual variable interest rate of 7.25%.

9. Exhibit J to original Claim 7-1 is a chart that refers to "S-Tek 1, LLC Lease–paid to STIF, LLC," and then lists lease payments made, the monthly lease payments still owed between January 2019 and January 2019, and the lease amount owed for each year thereafter. Claim 7-1, part 4 at 31 of 34.

10. The Summary of Claim attached to Claim 6-1 and to original Claim 7-1 recites, among other things:

  (a) Debtor owes Surv-Tek $1,766,941.83 under a promissory note (attached as Exhibit B), including attorney's fees and costs and court ordered sanctions. Exhibit B is a copy of a promissory note made by S-Tek payable to the order of Surv-Tek. Claim 6-1, Part 2 p 27 of 36, Claim 7-1, Part 2 p 27 of 36; and

  (b) The Summary of Claim attached to Claim 6-1 and to original Claim 7-1 recites that Debtor entered into the Lease with Surv-Tek and that as of the petition date Debtor owed $82,998.30 in back lease payments. Claim 6-1, Part 2 p 2 of 36, Claim 7-1, Part 2 p 2 of 36.

11. The only lease attached to the Claim 6 and to Claim 7-1 (Exhibit I) identifies STIF as the Landlord and S-Tek as the Tenant. Claim 6-1, Part 3, p 24 of 36, Claim 7-1, Part 3, p 24 of 36.

-3-

12. S-Tek, as tenant, and STIF, as Landlord, entered into and were the parties to the Lease. The Lease is a lease of commercial real property. S-Tek did not enter into and was never a party to any lease of commercial real property with Surv-Tek.

13. The Summary of Claim attached to Claim 6-1 and to original Claim 7-1:

(a) Refers to the attached Exhibit J for a calculation of the lease payments upon which original Claim 7-1 is based. Exhibit J is entitled "S-Tek I, LLC Lease–paid to STIF, LLC" and includes a breakdown of lease payments made and lease payments owed under the Lease, plus lease payments owed for post-petition periods. Claim 6-1, Part 4, pp. 31 and 32 of 34; Claim 7-1, Part 4, pp. 31 and 32 of 34. At the top of the second page of Exhibit J, it says "Paid To STIF, LLC."; and

(b) Refers to the attached Exhibit K as the financing statement that perfected the security interest that S-Tek granted to secure its obligations under the Lease. The financing statement attached as Exhibit K shows Surv-Tek, not STIF, as the secured party. Claim 6-1, Part 4, p. 33 of 34; Claim 7-1, Part 4, p. 33 of 34.

14. On September 20, 2021, the same counsel of record for both Surv-Tek and STIF who signed Claim 6-1 and Claim 7-1 filed and signed an amended claim, assigned Claim 7-2, naming STIF instead of Surv-Tek as the creditor asserting the claim under the Lease. Amended Claim 7-2.

15. Amended Claim 7-2, like Claim 7-1, states that the basis of the claim is "Breach of Lease Agreement"[6] and like Claim 7-1 is filed as a secured claim in the amount of $82,998.32.

16. Amended Claim 7-2 claims an annual fixed interest rate of 12.00%.

---

[6] Claim 7-1 states that the basis of the claim is "Breach of lease agreement" without capitalizing lease or agreement.

17. STIF attached the following documents as exhibits to amended Claim 7-2:

   a. Summary of Claim;
   b. Summary of Claim (identical to the Summary of Claim attached to the Original Claim);
   c. Exhibit A–Closing Agreement between Surv-Tek and S-Tek;
   d. Exhibit B–Promissory Note signed by S-Tek;
   e. Exhibit C–Escrow Agreement;
   f. Exhibit D–Payoff Calculations Statement;
   g. Exhibit E–Security Agreement;
   h. Exhibit F–UCC-1 Financing Statement;
   i. Exhibit G–Order from State Court Action;
   j. Exhibit H–Order Resulting from Hearing to Show Cause;
   k. Exhibit I–Lease
   l. Exhibit J–Calculation of Lease payments; and
   m. Exhibit K–Financing Statement.

18. There are two Summaries of Claim attached to amended Claim 7-2. *See* Claim 7-2, Parts 2 and 3. The first attached Summary of Claim is the same as the Summary of Claim attached to Claim 6-1 and to original Claim 7-1 except it recites that Debtor entered into the Lease with STIF instead of Surv-Tek, and that Debtor is liable to STIF under the Lease. The second Summary of Claim mistakenly attached to the amended Claim 7-2 is identical to the Summary of Claim attached to Claim 6-1 and to original Claim 7-1.

19. Exhibits A through K to Claim 6-1, Claim 7-1, and amended Claim 7-2 are the same.

20. On May 5, 2020, STIF filed a counterclaim in the State Court Action seeking damages for breach of the same Lease that is attached as Exhibit I to Claim 6-1, original Claim 7-1, and amended Claim 7-2.

21. In its Schedules, Debtor listed STIF as holding an unliquidated, contingent, disputed claim in the same amount (after rounding) that STIF claimed under the Lease in its counterclaim filed in the State Court Action. Doc. 1.

-5-

22. In the Removed Action, S-Tek filed a Motion to Dismiss Unique Claim of STIF, LLC and Deny All Requested Relief Allocable to STIF, LLC ("Motion to Dismiss"; AP No. 20-1074-j–Doc. 77).

23. The Motion to Dismiss was filed on the same date as the Motion to Strike.

24. The Motion to Dismiss mirrors the arguments in the Motion to Strike and requests dismissal with prejudice of all forms of relief in Adversary Proceeding 20-1074-j allocable to STIF, premised on S-Tek's position that STIF has not filed a timely proof of claim. AP. No. 20-1074-j–Doc. 77.

25. Russ Hugg and Robbie Hugg each own 50% of the shares of Surv-Tek.[7]

26. Russ Hugg and Robbie Hugg each own 50% of the membership interests of STIF.[8]

DISCUSSION

Surv-Tek timely filed Claim 7-1 by the Claims Bar Date. STIF filed amended Claim 7-2 after the Claims Bar Date. Amended Claim 7-2 substitutes STIF for Surv-Tek for the name of the creditor filing the claim for breach of the Lease. Because an amended claim relates back to the date of the filing of the original proof of claim,[9] whether amended Claim 7-2 is a permitted amendment to original Claim 7-1 or is a new claim will establish whether amended Claim 7-2 is timely. "The equitable determination to allow or disallow an amendment to a proof of claim timely filed is entrusted to the sound discretion of the bankruptcy court." *Hemingway Transp.,*

---

[7] This fact was deemed established under Fed.R.Civ.P. 56(g) in AP No. 20-1074-j. *See*, AP No. 20-1074–Doc. 99, Exhibit A, ¶ 2. Because the AP No. 20-1074-j includes a claim that duplicates the Motion to Strike, it is appropriate for the Court to treat facts deemed established for purposes of the trial in the AP No. 20-1074-j as established for purposes of resolving the contested matter in this bankruptcy case.
[8] *Id.*
[9] *In re Hemingway Transp., Inc.*, 954 F.2d 1, 10 (1st Cir. 1992).

954 F.2d at 10.[10] "Ordinarily, amendment of a proof of claim is freely permitted so long as the claim initially provided adequate notice of the existence, nature, and amount of the claim as well as the creditor's intent to hold the estate liable." *In re Unioil, Inc.*, 962 F.2d 988, 992 (10th Cir. 1992).[11] However, a "truly new claim" should not be allowed "under the guise of amendment." *Id. See also Hemingway Transp.*, 954 F.2d at 10 ("[T]he proposed amendment must not be a veiled attempt to assert a distinctly new right to payment as to which the debtor estate was not fairly alerted by the original proof of claim.").

Amendment is appropriate "where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1473 (10th Cir. 1983) (quoting *Matter of Commonwealth Corp.,* 617 F.2d 415, 420 (5th Cir. 1980)).[12] In evaluating whether to allow an amendment of a timely filed proof of claim, the Court primarily considers the following: 1) whether "the creditor [is] attempting to stray beyond the perimeters of its original claim"; and 2) "what is the degree and incidence of prejudice caused by the creditor's delay." *In re Coover*, No. 06-40176, 2006 WL 4491439, at *5 (Bankr. D. Kan. Sept. 28, 2006).

---

[10] *See also In re Commercial Club Ltd.*, 978 F.2d 1267 (10th Cir. 1992) (unpublished) ("[T]he decision whether or not to allow an amendment to an amendable proof of claim is reviewed solely for an abuse of the bankruptcy court's discretion." (citing *In re Unioil, Inc.*, 962 F.2d 988, 992 (10th Cir. 1992))); *In re In re Richter*, 478 B.R. 30, 39 (Bankr. D. Colo. 2012) (whether to allow an amendment to a timely filed proof of claim falls within the court's discretion).
[11] *See also In re Tanaka Bros. Farms, Inc.*, 36 F.3d 996, 998 (10th Cir. 1994) ("A creditor's '[l]ate-filed amendments to proofs of claim should be treated with liberality . . . .'" (quoting *Unioil*, 962 F.2d at 992)).
[12] *Hemingway Transp.*, 954 F.2d at 10 ("Amendments to proofs of claim timely filed are to be freely allowed, whether for purposes of particularizing the amount due under a previously-asserted right to payment, or simply to cure technical defects in the original proof of claim."); *United States v. Int'l Horizons, Inc. (In re Int'l Horizons, Inc.)*, 751 F.2d 1213, 1216 (11th Cir. 1985) (same).

S-Tek contends that STIF should not be allowed to amend original Claim 7-1 because STIF is a completely different creditor than Surv-Tek, the entity that filed original Claim 7-1. S-Tek reasons further that a new creditor should not be allowed to adopt an earlier timely filed proof of claim filed by a different creditor as its own. Although the Court agrees that STIF is a separate entity from Surv-Tek, the Court disagrees that the change from Surv-Tek to STIF as the creditor asserting the claim is a sufficient basis to strike amended Claim 7-2.

In *Unioil*, the Tenth Circuit affirmed the bankruptcy court's allowance of an amendment to a defective proof of claim to substitute the name of a trust for the individual who initially filed the proof of claim without indicating his representational capacity as trustee of the trust. 962 F.2d at 992. Even though the original proof of claim did not identify the trust as the true claimant, the original proof of claim provided adequate notice to the debtor of the existence, nature, and amount of the claim, and the content of the amended claim was unaltered by the amendment. *Id.* The Tenth Circuit concluded that the bankruptcy court did not abuse its discretion in allowing the amendment because 1) the debtor could not demonstrate any actual prejudice resulting from the amendment; 2) the amended proof of claim asserted the same substantive interest as the original claim; and 3) the amended proof of claim merely substituted the name of the trust as the proper claimant. *Id.* at 993. In reaching this conclusion, the Tenth Circuit relied in part on an earlier opinion regarding substitution of a party:

> "[w]here there is a substitution as party plaintiff or claimant of one having the legal right to sue instead of one improperly named as plaintiff or claimant *and the party substituted bears some relation of interest to the original party*, there is no change in the cause of action and the substitution relates back to the . . . filing of the claim."

*Unioil*, 962 F.2d at 992 (quoting *Fidelity & Deposit Co. v. Fitzgerald (In re Midyett & May Const. Co.)*, 272 F.2d 121, 129 (10th Cir. 1959) (emphasis added)).

Similar facts exist here.

The timely filed original Claim 7-1 improperly identified Surv-Tek as the creditor claiming damages for breach of the Lease. STIF is the actual claimant for the breach of Lease claim. Russ Hugg and Robbie Hugg together own 100% of the stock and membership interests in Surv-Tek and STIF, respectively. STIF therefore bears a relation of interest to Surv-Tek. The two entities, which have common ownership, are affiliates.

Original Claim 7-1 gave S-Tek adequate notice of the nature, extent, and amount of the claim, as well as the creditor's intent to hold S-Tek's bankruptcy estate liable. It should have been obvious to S-Tek that the intent behind original Claim 7-1 was to assert a claim by STIF, not Surv-Tek, for breach of the Lease. STIF, not Surv-Tek, is the landlord named in the Lease attached to original Claim 7-1 and to amended Claim 7-2. Exhibit J to original Claim 7-1 is a chart supporting the damages claimed under the Lease and refers to "S-Tek 1, LLC Lease–*paid to STIF, LLC*." (emphasis added). In the State Court Action STIF, not Surv-Tek, asserted a claim against S-Tek under the Lease. S-Tek scheduled STIF's claim against it based on that counterclaim. S-Tek did not schedule a claim by Surv-Tek under the Lease. Surv-Tek and STIF are represented by the same counsel in the bankruptcy case. That counsel signed Surv-Tek's Claim 6-1 (which asserts the entire amount of Surv-Tek's claim in the bankruptcy case), original Claim 7-1 (that mistakenly named Surv-Tek instead of STIF as asserting the claim under the Lease), and amended Claim 7-2.

In addition, S-Tek has not demonstrated prejudice from substituting STIF for Surv-Tek in the amended Claim 7-2. The original and amended claim amount is the same and is based on the same alleged breach of the Lease. *See Gens v. Resolution Trust Corp.*, 112 F.3d 569, 575 (1st Cir. 1977) (amendment to proof of claim allowed when the amendment substituted the real party in interest as claimant; amendment caused no prejudice where the claim otherwise remained the

same). The narrative summary attached to the original and amended claim explaining the nature of the transactions between Surv-Tek and S-Tek whereby S-Tek purchased Surv-Tek's business, and the attached transaction documents, are the same. Original Claim 7-1 and amended Claim 7-2 both recite that the source of the claim is "Breach of Lease Agreement." Both original Claim 7-1 and amended Claim 7-2 attach a copy of the same Lease, which clearly identifies STIF as the Landlord and S-Tek as Tenant. Attached as Exhibit K to both the original Claim 7-1 and amended Claim 7-2 is a financing statement alleged to perfect the security interest S-Tek granted to STIF under the Lease to secure S-Tek's obligations to STIF under the Lease.[13] Although the amended Claim 7-2 asserts a different interest rate, allowing amendment of original Claim 7-1 with that difference does not prejudice S-Tek from objecting to amended Claim 7-2 or from seeking to avoid the claimed security interest.

Finally, S-Tek's reliance on *In re Sharafinski*, No. 3:06-CV-787 RM, 2007 WL 541938 (N.D. Ind. Feb. 15, 2007) is unavailing. The case did not involve amending a proof of claim to substitute an affiliated entity as the claimant but instead considered whether a debtor could be substituted in a bankruptcy case naming the wrong unrelated individual as the debtor commencing the case. In *Sharafinski*, an attorney who inadvertently filed a bankruptcy petition on behalf of the wrong client was not allowed to substitute the proper client as debtor in the existing case. The *Sharafinski* court concluded that the filing of a petition governs the filing of a bankruptcy case; consequently, because the petition was not signed by the intended client, no bankruptcy case had been commenced by the intended client. 2007 WL 541938 at * 4. The

---

[13] The Court notes that the financing statement attached as Exhibit K to original Claim 7-1 and amended Claim 7-2 shows Surv-Tek, not STIF, as the secured party. It appears that the security interest S-Tek granted to STIF under the Lease is unperfected and therefore avoidable under 11 U.S.C. § 544(a). *See In re Aquatic Pools, Inc.*, 567 B.R. 376, 380 (Bankr. D.N.M. 2017) ("Using § 544(a), a chapter 11 debtor in possession can generally take priority over, and avoid, liens that are unperfected as of the date of the bankruptcy petition.").

*Sharafinski* court was also concerned about the potential problems a late amendment to substitute a different debtor in the case might cause creditors trying to determine whether and when the automatic stay went into effect as to the substituted debtor. *Id.* The issues raised by substituting a different, unrelated debtor for the individual commencing a bankruptcy case are not analogous to amending a proof of claim to name an affiliated entity as the claimant where, as here, (a) the original claim gave adequate notice to the debtor of the existence, nature, and amount of the claim, (b) the content of the amended claim was not materially altered by the amendment, (c) the same person signed the original Claim 7-1 and amended Claim 7-2, (d) the mistaken identity of the claimant in original Claim 7-1 should have been obvious to S-Tek, and (e) the amendment does not prejudice S-Tek or creditors.

In summary, amended Claim 7-2 is not a new claim filed in the guise of an amended claim. STIF will be allowed to substitute itself for the related creditor named in the original claim.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Strike is DENIED.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: January 18, 2022

COPY TO:

Nephi Hardman
Nephi D. Hardman Attorney at Law, LLC
9400 Holly Ave NE Bldg 4
Albuquerque, NM 87122

Christopher M Gatton
Giddens, Gatton & Jacobus, P.C.
10400 Academy Rd., #350
Albuquerque, NM 87111

Patrick Malloy, III
Subchapter V Trustee
Patrick J. Malloy, III, Trustee
401 S. Boston Ave, Ste 500
Tulsa, OK 74103

United States Trustee
PO Box 608
Albuquerque, NM 87103